# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 05 CR 691 |
| v. | ) |
| | ) |
| STUART LEVINE | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Stuart Levine has moved to dismiss or strike Counts One through Ten of the indictment. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On August 3, 2005, the grand jury returned a fourteen count indictment against Defendant Levine and others. Counts One and Two charge Defendant with mail fraud in connection with an alleged scheme to defraud the Teachers' Retirement System of the State of Illinois ("TRS") and its beneficiaries of money, property, and the intangible right to the honest services of Levine, by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, in violation of 18 U.S.C. §§ 1341, 1346, and 2. Counts Three through Ten charge Defendant Levine with wire fraud in connection with the same alleged scheme, in violation of 18 U.S.C. §§ 1343, 1346, and 2. Count Eleven charges Levine with attempted extortion, in violation of 18 U.S.C. §§ 1951 and 2. Counts Twelve and Thirteen both charge Levine with corruptly soliciting funds, in violation of 18 U.S.C. §§ 666 and 2.

The indictment alleges that the TRS was a public pension plan created by Illinois law for the purpose of providing pension, survivor, and disability benefits for teachers and administrators

employed in Illinois public schools, excluding the City of Chicago. (R. 1-1, Indictment ¶ 1(a).) It served approximately 325,000 members and annuitants, and had assets in excess of approximately $30 billion. (*Id.*) Annual contributions from teachers, their employers, and the State of Illinois, as well as investment income, funded TRS. (*Id.*) In addition, TRS received federal funds in excess of $10,000 during each calendar year from 2001 through 2004. (*Id.* ¶ 9(d).)

The indictment further alleges that an 11 member Board of Trustees directed the activities of TRS. (*Id.* ¶ 1(b).) The Board, among other responsibilities, reviewed and voted to approve or reject proposals by private investment management companies to manage funds on behalf of TRS. (*Id.*) TRS compensated these companies for their activities, typically through fees calculated as a percentage of the TRS assets they managed. (*Id.*)

Defendant Levine was a member of the TRS Board of Trustees. (*Id.* ¶ 1(d).) In that role, the indictment alleges that he owed a fiduciary duty and a duty of honest services to TRS and its beneficiaries. (*Id.* ¶¶ 1(e), 1(n), 1(o), 1(p).) The indictment refers to the criminal laws of the State of Illinois relating to bribery (720 ILCS 5/33-1(d)) and official misconduct (720 ILCS 5/33-3), and to the State Officials and Employees Ethics Act (5 ILCS 430/5-50), to define the scope and breach of Levine's fiduciary duties.

The indictment alleges that Levine, co-Defendants Joseph Cari and Steven Loren, and others, devised and intended to devise, and participated in, a scheme to defraud TRS and its beneficiaries of money, property, and the intangible right to Levine's honest services. (*Id.* ¶ 3.) As part of the scheme, Levine and others fraudulently used and sought to use Levine's position and influence as a member of the TRS Board of Trustees to obtain financial benefits for Levine

2

and his nominees and associates. During the scheme, Levine allegedly solicited, demanded, and received hundreds of thousands of dollars in undisclosed kickbacks and payments for himself and his nominees and associates from various investment firms seeking to do business with TRS. (*Id.* ¶¶ 3, 3(a), 3(b), 3(c), 4, 5.) As further part of the scheme, the indictment alleges that Levine attempted to establish a company to serve as an asset manager for TRS in order for Levine or his nominees to participate and financially benefit in the asset management operation without disclosing his position to TRS.

Counts One through Ten of the Indictment are each premised on the charge that Levine breached his duty of honest services to TRS and its beneficiaries by using his official position on the TRS Board to obtain financial benefits for himself and his nominees and associates.

## ANALYSIS

### I. Legal Standard

Fed. R. Crim. P. 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." "When considering a motion to dismiss an indictment, a court assumes all facts in the indictment are true and must 'view all facts in the light most favorable to the government.'" *United States v. Segal*, 299 F. Supp. 2d 840, 844 (N.D. Ill. 2004) (quoting *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999)). "An indictment is constitutionally sufficient if it states all of the elements of the offense charged, informs the defendant of the nature of the charges so that he can prepare a defense, and enables the defendant to assess any double jeopardy problems the charge may raise." *United States v. Stout*, 965 F.2d 340 (7th Cir. 1992). A court must consider the indictment "as a whole to determine if it meets [these] requirements." *Id.* In addition, "arguments raised in

a motion to dismiss that rely on disputed facts should be denied." *United States v. Caputo*, 288 F. Supp. 2d 912, 916 (N.D. Ill. 2003) (citing *United States v. Shriver*, 989 F.2d 898, 906 (7th Cir. 1992). But "[a]n indictment, or a portion thereof, may be dismissed if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Labs of Virginia, Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003); *see also United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005). Courts should review a challenged indictment "on a practical basis and in [its] entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

Federal Rule of Criminal Procedure 7(d) governs motions to "strike surplusage from the indictment or information." The Advisory Committee Notes to subdivision (d) explain that the "rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Courts should grant motions to strike "only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *United States v. Andrews*, 749 F.Supp. 1517, 1518 (N.D. Ill. 1990).

## II. State Law Duties

Defendant seeks to dismiss the mail and wire fraud counts in the indictment. The indictment, however, sufficiently alleges each element of a mail and wire fraud charge. It alleges that 1) Levine, a TRS trustee, knowingly devised or participated in a scheme to defraud TRS and its beneficiaries of money, property, and the intangible right to the honest services of Levine, by means of false and fraudulent pretenses, representations or promises; 2) Levine acted knowingly and with the intent to defraud; and 3) in order to carry out the scheme or attempting to do so,

Levine caused interstate mailings and wire communications to take place. *United States v. Hausmann*, 345 F.3d 952, 956 (7th Cir. 2003) ("under the intangible-rights theory of federal mail or wire fraud liability, a valid indictment need only allege, and a finder of fact need only believe, that a defendant used the interstate mails or wire communications system in furtherance of a scheme to misuse his fiduciary relationship for gain at the expense of the party to whom the fiduciary duty was owed."). *See also United States. v. Vincent*, 416 F.3d 593, 600 (7th Cir. 2005) (elements for mail or wire fraud include "(i) participated in a scheme to defraud; (ii) acted with intent to defraud; and (iii) used the mail or wires in furtherance of the fraudulent scheme"). Given that the indictment states all of the elements of the charged offenses and informs Levine of the nature of these charges, it is sufficient, and the Court denies Defendant's motion to dismiss Counts One through Ten. *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003).

Defendant also seeks to strike certain portions of the alleged scheme in the indictment that rely on State law. Defendant argues that the Seventh Circuit in *United States v. Bloom*, 149 F.3d 649 (7th Cir. 1998) rejected reliance on State law as the basis for an honest services mail fraud charge. Defendant also places heavy reliance on *United States v. Murphy*, 323 F.3d 102 (3rd Cir. 2003) to support his argument. Neither *Bloom* nor *Murphy* holds that state law cannot form the basis of an honest services fraud. The Seventh Circuit in *Bloom* noted that "[n]ot every breach of every fiduciary duty works a criminal fraud." *Id.* at 654 (quotations and citations omitted). It recognized that "accepting a bribe in exchange for an official action" clearly falls within such a charge. *Id.* at 655. That is precisely the basis of the charges against Levine – namely, that he accepted bribes and kickbacks in exchange for abusing his official position as a TRS trustee for his own personal gain and the gain of others.

In *Murphy*, the Third Circuit held that a private citizen who had been the chairman of the Republican Party in a county in New Jersey – not a public official or on the state or county payroll – could not be convicted of depriving the county of his own honest services. The *Murphy* court emphasized the absence of "the anchor of a fiduciary relationship established by state or federal law," although it did not resolve the question of whether violation of a state-law created fiduciary duty is required for a conviction based on the deprivation of honest services. *Id.* at 104, 117. This case is distinguishable from *Murphy*. Here, the indictment alleges that Levine as a TRS trustee, had a fiduciary relationship and owed a duty of honest services to the state-created TRS pension plan and its beneficiaries. It further identifies specific State laws that create and define his fiduciary duties.

The allegations regarding State law identified by Defendant Levine are properly included in the indictment. They define the scheme and Levine's duty of honest services to the TRS Board. Accordingly, the Court denies Defendant's motion to strike them.

### III. Definition of Another

Section 1346 provides that "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive **another** of the intangible right of honest services." 18 U.S.C. § 1346 (emphasis added). Relying on the dissent in *United States v. Brumley*, 116 F.3d 728 (5th Cir. 1997) (en banc), Defendant Levine argues that a state agency cannot constitute "another" within the meaning of the statute. The Court is not persuaded by this dissent, and no court in this district has adopted it. Furthermore, statutory construction supports a broader reading of "another" than Defendant proposes. *See Brumley*, 116 F.3d at 732-33 (holding that "another" includes a state, state subdivision, government, or agency). The Court rejects Defendant's

6

argument. *See also United States v. Fawell*, 2003 WL 21544239, *3 (N.D. Ill. July 9, 2003) (rejecting argument that state agencies cannot constitute "another" under Section 1346); *United States v. Farley*, 1997 WL 695680 at *3 (N.D. Ill. Oct. 31, 1997).

## IV. Constitutionality

A party may raise a vagueness challenge by arguing either that a statute is vague as applied to the case, or that a statute is void on its face. Defendant challenges the constitutionality of the honest services prong of the mail and wire fraud statutes on both grounds.

As to facial vagueness challenges such as here where First Amendment interests are not threatened, a court, generally speaking, "must uphold a facial challenge only if the enactment is impermissibly vague in all of its applications." *Fuller v. Decatur Public School Bd. of Educ. School Dist. 61*, 251 F.3d 662, 667 (7th Cir. 2001) (quotations omitted). Numerous courts have found Section 1346 constitutional on its face. *See United States v. Rybicki*, 354 F.3d 124, 143 (2nd Cir. 2003) (Section 1346 is not unconstitutional on its face); *United States v. Frost*, 125 F.3d 346, 371 (6th Cir.1997) (same). Defendant has failed to cite any cases holding that Section 1346 is unconstitutionally vague on its face. The Court rejects Defendant's argument.

Regarding his applied challenges, Levine argues that Section 1346 is unconstitutional because it failed to put him on notice that his conduct could result in criminal liability. In *United States v. Hausmann*, 345 F.3d 952, 958 (7th Cir. 2003), the Seventh Circuit rejected an as applied vagueness challenge under Section 1346, holding that "the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, and 1346, are not unconstitutionally vague, as applied under the intangible-rights theory to a kickback scheme enabled by the offender's misuse of his fiduciary position gain." The Court found that its decision in *United States v. Bloom* placed the defendant

"on notice that criminal liability under the mail and wire fraud statutes – particularly under an intangible-rights theory – attaches to the misuse of one's fiduciary position for personal gain." *Id.* at 957. The indictment charges Levine with abusing his position as a TRS trustee for his own personal gain through the use of kickbacks and bribery. Given *Bloom* and *Hausmann*, Levine was on notice at least as early as 1998 that a fiduciary such as himself who abuses his position for personal gain risks criminal liability. *Id.* at 957-58. *See also United States v. Munson*, 2004 WL 1672880, *1 (N.D. Ill. July 28, 2004).

V.    **Federalism**

Defendant also seeks dismissal of Counts One through Ten of the indictment on the grounds of federalism. Levine argues that the indictment intrudes on State matters by criminalizing standards for State officials. It is clear that Congress has the authority to regulate the interstate use of the mails and wire communications. Here, the indictment alleges that Levine used both the interstate mails and wire communications systems in furtherance of fraudulent conduct. Accordingly, his federalism challenge fails. *See Hausmann*, 345 F.3d at 958-59.

## CONCLUSION

For the reasons discussed above, Defendant Levine's motion to dismiss or strike counts 1-10 of the indictment is denied.

Dated: December 29, 2005                ENTERED

*[signature]*
AMY J. ST. EVE
United States District Judge